NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER LU, | No. 18-16150 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-07034-VC |
| v. | |
| STANFORD UNIVERSITY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jennifer Lu appeals pro se from the district court's judgment dismissing her employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Lu's action because Lu failed to allege facts sufficient to state any plausible claim. *See id.* at 341-42 (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *see also Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001) (setting forth prima facie cases of retaliation and discrimination under Title VII); *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993) (discussing elements of an intentional infliction of emotional distress claim under California law).

The district court did not abuse its discretion in denying Lu leave to file a second amended complaint. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . ."); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion "particularly broad" when it has already granted a plaintiff leave to amend).

2                                                                                          18-16150

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**